FILED

AUG 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBBECCA LEICHT )
 )
 Plaintiff )
 )
 )
 v. )
 )
 )
 )
FLEETWOOD MANAGEMENT )
GROUP, LLC. et al, and )
2147 O Street Associates )
LLC, Defendants. )
 )

Misc. Civil Action No.
Super. Ct. Case No.    2007-CA-002384 B
Subpoena matter


Case: 1:07-mc-00323
Assigned To : Robertson, James
Assign. Date : 8/17/2007
Description: Miscellaneous

NOTICE OF REMOVAL OF SUBPOENA

 The United States Attorney, through the undersigned attorneys, and on behalf of Rudolph

Contreras, Chief, Civil Division, U.S. Attorney's Office for the District of Columbia, files this

Notice of Removal of a subpoena matter pursuant to 28 U.S.C. §§ 1442(a)(1), 1446, Houston

Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C.

Cir. 1996), and Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C.

Cir. 1995).

 In support of this notice, the United States Attorney states as follows:

 1. Mr. Contreras, as Chief of the Civil Division, has been issued a subpoena duces tecum

by Defendants requesting documents and files concerning this Office's investigation that led to

the prosecution of Earl D. Long, Jr., in case number 2005 FEL 003469 in the Superior Court of

the District of Columbia.

 2. A copy of the subpoena is attached hereto.  Mr. Contreras received the subpoena at

some time after July 18, 2007, and before July 25, 2007.

3.  There are no federal defendants in the Superior Court civil case in which the subpoena

was issued.

4.  This notice of removal is brought pursuant to 28 U.S.C.  §§ 1442(a) and 1446,

Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211

(D.C. Cir. 1996), and Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415

(D.C. Cir. 1995).

WHEREFORE, this matter is properly removed from the Superior Court of the District of

Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.  The underlying civil

case is not being removed and will remain in Superior Court.

Dated: August 17, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

FRED E. HAYNES, D.C. BAR # 165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C.  20530
(202) 514-7201

2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| REBBECCA LEICHT | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2007-ca-002384 B |
| | ) |
| FLEETWOOD MANAGEMENT | ) |
| GROUP, LLC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

NOTICE OF FILING OF NOTICE OF
REMOVAL OF SUBPOENA

TO:    Attorneys for Defendants Fleetwood Management Group, LLC, et al:
       William G. Gandy, Esq.
       David A. Seltzer, Esq.
       Wilson, Elser, Moskowitz, Edelman & Dicker LLP
       Colorado Building, Fifth Floor
       1341 G. Street, N.W.
       Washington, DC 20005-3105

       PLEASE TAKE NOTICE that on August 17, 2007, the United States Attorney's Office,

through counsel, filed with the Clerk of the United States District Court for the District of

Columbia a Notice of Removal of the subpoena matter in the above-referenced Civil Action,

pending in the Superior Court for the District of Columbia.  A copy of the Notice of Removal is

attached hereto.  The Superior Court of the District of Columbia, with regard to the Subpoena

Duces Tecum, "shall proceed no further unless and until the case is remanded."  28 U.S.C. §

1446(d).

Dated: August 17, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

FRED E. HAYNES, D.C. BAR # 165654
Assistant United States Attorney
555 4th St., N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201

2

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2007, I caused service of the foregoing

Notice of Removal and related documents to be made on counsel for the parties in the Superior

Court case by first-class mail, postage prepaid, addressed to:

William G. Gandy, Esq.
David A. Seltzer, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Colorado Building, Fifth Floor
1341 G. Street, N.W.
Washington, DC 20005-3105

Lawrence S. Lapidus, Esq.
Karp, Frosh, Lapidus, Wigodsky & Norwind P.A.
1133 Connecticut Avenue, N.W., Suite 250
Washington, D.C. 20036

Douglas R. Sparks, Esq.
Sparks & Silber LLP
3221 M Street, N.W.
Washington, D.C. 20007

FRED E. HAYNES
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

**SUBPOENA**

### *Superior Court of the District of Columbia*
CIVIL DIVISION
500 Indiana Avenue, N.W. Room **JM-170**
Washington, D.C. 20001   Telephone (202) 879-1133

| | |
|---|---|
| REBECCA LEICHT | **SUBPOENA IN A CIVIL CASE** |
| _____ Plaintiff | |
| FLEETWOOD MANAGEMENT GROUP, LLC, et al. | **Case Number:**  07 CA 002384 B |
| _____ Defendant | |

To:  Rudy Contreras
Chief, Civil Division
United States District Attorneys Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
| | | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| | | |

☑ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,** date, and time specified below (*list documents or objects*):

DOCUMENTS OR OBJECTS
SEE ATTACHED NOTICE OF RECORDS DEPOSITION

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Wilson, Elser, Moskowitz, Edelman & Dicker, LLP 1431 G Street, NW, Suite 500 Washington, DC 20005 | August 20, 2007 | 11:00 a.m. |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:**

| PREMISES | DATE | TIME |
|---|---|---|
| | | |

07uc323

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each **person** designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

**FILED**

AUG 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

266762.1

**ISSUING PERSON'S SIGNATURE AND TITLE** (indicate if attorney for plaintiff or defendant)

DATE

7/18/07

**ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER**

Attorney for Defendant Fleetwood
Management Group, LLC et al:

William G. Gandy  # 73110
David A. Seltzer  # 437436
WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

Authorization is required by U.S. Code **§ 14-307** and Brown v. U.S. 567 A.2d 426 (D.C. 1989) is hereby given to issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

Hon. Robert E. Morin

Judge to Whom Case is Assigned

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE
            (attach return receipt if service was made by registered or certified mail)

SERVED BY (PRINT NAME)                              TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on

Date                              SIGNATURE OF SERVER

Address of Server

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Section C&D:

(c) Protection of Persons Subject to Subpoenas.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person

commended to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the Court shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or,

(iv)    subjects a person to undue burden.

(B)  If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect persons subject to or affected by the subpoena, quash or modify the subpoena or, if they party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only  upon specified conditions.

(d)     Duties in Responding to Subpoena.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

-------------------------------------------------------

REBECCA LEICHT,                          :

      Plaintiff,                       :

                               Case No.:    **2007 CA 002384 B**
v.                                       :  Judge:       **Robert E. Morin**
                               Next event: **Deadline for Discovery**
FLEETWOOD MANAGEMENT                     :                **Requests 9/27/07**
GROUP, LLC, et al.

                               :

      Fleetwood.                       :

-------------------------------------------------------

## NOTICE OF DEPOSITION DUCES TECUM

      Please take notice that counsel for Defendants, Fleetwood Management Group,

LLC, and 2147 O Street Associates, by and through counsel Wilson, Elser, Moskowitz, Edelman

& Dicker, LLP, pursuant to the terms and provisions of Superior Court Rules of Civil Procedure

30, and in accordance with the laws of the District of Columbia, will take the records deposition

of the following named person who is requested to produce the records at the time and place

designated below:

                **NAME:**           **Rudy Contreras**
                                        **Chief, Civil Division**
                                        **U.S. District Attorneys Office**
                                        **District of Columbia**
                                        **555 Fourth Street, N.W.**
                                        **Washington, D.C. 20530**

                **DATE & TIME:**    **Friday, August 20, 2007 at 11:00 a.m.**

                **PLACE:**           **Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
                                        **1341 G Street NW, Suite 500**
                                        **Washington, D.C. 20005**

Mr. Rudy Contreras, Chief of the Civil Division of the United States District Attorneys

Office, is hereby notified to appear at the time and place specified and is requested to bring with

him **any and all investigation reports, witness statements, photographs, diagrams, incident**

**reports, court filings and other documents in the possession of the United States    istrict**

**Attorneys Office regarding its criminal investigation of Earl Long Jr.,** in connection with the

case captioned as *United States of America v Earl D. Long Jr., Case Number 2005 FEL 003469*

in the Superior Court of the District of Columbia.

As an <u>alternative</u> to a personal appearance at the deposition, this request may be satisfied

by sending all requested documents to the law offices of WILSON, ELSER, MOSKOWITZ,

EDELMAN, & DICKER, LLP, The Colorado Building, 1341 G St., NW, Suite 500,

Washington, DC 20005, five days prior to the deposition.

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**

By: _____

William G. Gandy (Bar No. 73110)
David A. Seltzer (Bar No. 437436)
1341 G Street, N.W. - Suite 500
The Colorado Building
Washington, D.C. 20005
202-626-7660 (Telephone)
202-628-3606 (Facsimile)

*Attorneys for Defendants*
*Fleetwood Management Group, LLC and*
*2147 O Street Associates, LLC*

266848.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July 2007, I served by first class mail,

postage prepaid the foregoing Subpoena and corresponding documents upon the following:

Lawrence S. Lapidus, Esquire
Karp, Frosh Lapidus, Wigodsky & Norwind P.A.
1133 Connecticut Avenue, N.W.
Suite 250
Washington, D.C. 20036

Douglas R. Sparks, Esquire
Sparks & Silber LLP
3221 M Street, NW
Washington, DC 20007

David A. Seltzer

266848.1

VanHorn

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Colorado Building, 1341 G Street, NW, 5th Floor, Washington, D.C. 20005-3105  Tel: 202.626.7660  Fax: 202.628.3606

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

WRITER'S DIRECT DIAL (202) 626-7665
DAVID.SELTZER@WILSONELSER.COM
ADMITTED IN DC & MD

July 18, 2007

**VIA CERTIFIED MAIL**

Rudy Contreras, Esquire
Chief, Civil Division
United States District Attorneys Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

> **Re:  Leicht, Rebecca v. Fleetwood Management Group & 2147 O Street Associates**
> **Case Number: 2005 CA 002384 B**
> **Our File No.:    08288.00200**

Dear Mr. Contreras:

Please be advised that our firm represents the interests of the Fleetwood Management Group & 2147 O Street Associates., with respect to a lawsuit filed in Washington D.C. Superior Court, styled, *Rebecca Leicht v. Fleetwood Management Group, LLC and 2147 O Street Associates, LLC., Case Number 2005 CA 002384 B.*

This civil matter was filed as a result of the underlying criminal matter of *The United States of America v. Earl D. Long Jr., Case Number 2005 FEL 003469*, prosecuted by the U.S. Attorneys Office (as specifically Deborah Connor).

Pursuant to the Federal Freedom of Information Act (Touhy Request), we respectfully request disclosure of any and all investigation reports, witness statements, photographs, diagrams, incident reports, court filings and other documents in the possession of the United States District Attorneys Office regarding its criminal investigation of Earl Long Jr. and otherwise related to the above-cited criminal case.

Pursuant to instruction from Deputy Daniel VanHorn and as outlined online in section 43CFR§2.80 et seq., we hereby submit this Touhy Request.

266739.1

July 18, 2007
Rudy Contreras
Chief, Civil Division
Page 2

The following is a detailed response in contemplation of Section 2.84:

(a) <u>Identify the employee or record sought</u>:

The United States District Attorneys Office; (specifically, prosecuting attorney U.S. District Attorney Deborah Connor) any and all investigation reports, witness statements, photographs, diagrams, incident reports, court filings and other documents in the possession of the United States District Attorneys Office regarding its criminal investigation of Earl Long Jr. and otherwise related to the above-cited criminal case.

(b) <u>Describe the relevance of the desired testimony or records to your proceeding and provide a copy of the pleadings underlying your request</u>:

The instant civil matter in which our clients involved pertains to Earl Long's assault on Rebecca Leicht and Ms. Leicht's claimed damages. In order for us to investigate the underlying criminal activity and findings made in connection therewith, it is essential that we obtain the full and complete court and investigation file pertaining to the criminal prosecution of Mr. Long.

Moreover, upon information and belief, the U.S. Attorney's file constitutes the only source for obtaining the information requested herein. Copies of the Complaint and Answer to Complaint in the pending civil case are enclosed.

(c) <u>Identify the parties to your proceeding and any known relationships they have to the Department's mission or programs</u>:

The parties to this action are as follows:

1)    Rebecca Leicht (Plaintiff);
2)    Fleetwood Management Associates, LLC (Defendant);
3)    2147 O Street Associates, LLC (Defendant);

Upon information and belief, Rebecca Leicht was the victim and complainant in the underlying criminal case in which Mr. Long was prosecuted. We are presently unaware of any such relationship that any party to this lawsuit has or had with the Bureau's mission or programs.

(d) <u>Show that the desired testimony or records are not reasonably available from any other source</u>:

As noted, the documents contained in the U.S. Attorney's investigative file are not known to be available from any other source.

July 18, 2007
Rudy Contreras
Chief, Civil Division
Page 3

    (e)   Show that no record could be provided and used in lieu of employee testimony:

Not applicable, as we do not presently seek testimony from any representative or employee of the agency.

    (f)  Provide the substance of the testimony expected of the employee:

Not applicable, as we do not presently seek testimony from any representative or employee of the agency

    (g)  Explain why you believe your Touhy Request complies with Sec. 2.88.

In consideration of the factors set forth in 43 CFR Section 2.88, we believe that this request should be granted.

The requested documents, in particular the investigative materials obtained by the U.S. Attorneys Office, do not appear to be available from any other source, and the production of such documents is permissible under the relevant regulations of procedure and substantive law, including the Freedom of Information Act.

Understanding that the United States District Attorneys Office expresses a strong desire to maintain impartiality in conducting its business, production of the requested materials will in no way alter or serve to impede this goal. Undoubtedly, the investigation and resulting report were conducted and generated with an eye toward impartiality, and this file will only serve all parties in ascertaining the causal events immediately preceding and subsequent to the subject incident. It is our hope and belief that this reasonable request will not place significant or undue burden on the District Attorneys Office and serve to promote the interests of justice.

In addition, we agree to pay the costs of duplication in accordance with 43 CFR Part 2, Appendix A, once this Request be granted.

We thank you in advance for your consideration of this request and we appreciate your cooperation. Should you require any additional information, please do not hesitate to contact the undersigned.

Very Truly Yours,

David A. Seltzer

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

266739.1