UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 AUG 22 PM 6: 23

NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| REBBECCA LEICHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>FLEETWOOD MANAGEMENT )<br>GROUP, LLC. et al., )<br>)<br>Defendants. )<br>_____ ) | Misc. Civil Action No. 07mc00323 (JR)<br>Super. Ct. Case No.  2007-CA002384B<br>Subpoena matter |

## MOTION TO QUASH SUBPOENA AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

The United States Attorney, through the undersigned attorneys and on behalf of Rudolph Contreras, who, in his capacity as Chief of the Civil Division of the United States Attorney's Office, was served with the subpoena duces tecum at issue in this matter, hereby moves to quash the subpoena.

At some time after July 18, 2007, and before July 25, 2007, Mr. Contreras was served with a subpoena duces tecum seeking the production of documents and files relating to this Office's investigation of Earl D. Long, Jr., an investigation that resulted in criminal case number 2005 FEL 003469 in the Superior Court for the District of Columbia. The subpoena was issued in a civil case in the Superior Court, Leicht v. Fleetwood Management Group, LLC, et al., 2005 CA 002384 B. There are no federal defendants in the civil litigation. The subpoena has been removed to this Court, consistent with 28 U.S.C. §§ 1442(a)(1), 1446, Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996), and Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995). See

Docket No. 1.

Our Court of Appeals has held that sovereign immunity bars the Superior Court from enforcing a subpoena against the federal government in a civil case where the subpoenaed federal officer or entity is not a party to the action. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." Houston Business Journal v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996). And, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." Id. at 1212.

This does not, however, leave the party that served the subpoena without any remedy. Pursuant to 5 U.S.C. § 301, a federal agency may create procedures for responding to subpoenas and requests for testimony. See 5 U.S.C. § 301 (authorizing an agency head to "prescribe regulations for the government of his [sic] department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."). These procedures are often termed "Touhy regulations," in reference to the Supreme Court's decision in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). In Touhy, the Supreme Court held that a Department of Justice employee could not be held in contempt for refusing to comply with a subpoena duces tecum when his compliance had been prohibited by an order of a superior acting pursuant to valid federal regulations governing the release of official documents. The regulations at issue in Touhy were promulgated under the statutory predecessor of 5 U.S.C. § 301.

The doctrine set forth in Touhy established the principle that a litigant may not utilize a

subpoena, or similar demands, to compel an agency employee to produce government testimony or documents, but must instead present his or her request to the agency and, in the first instance, allow the agency to make a centralized decision under its regulations. See Houston Business Journal, 86 F.3d at 1211-12; see also In Re Boeh, 25 F.3d 761, 763-64, 766-67 (9th Cir. 1994), cert. denied, 513 U.S. 1109 (1995); Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

In this case, the parties issuing the subpoena duces tecum in the Superior Court (the defendants there) also served with the subpoena a letter setting forth a Touhy request. In response to that request, this Office has obtained the files sought by defendants from records storage, and this Office represents that a response to the Touhy request will be made by September 21, 2007. If the defendants are unsatisfied with the response, they may bring an action under the Administrative Procedure Act challenging the decision.

For the foregoing reasons, the motion to quash should be granted.

Respectfully submitted,

_Jeffrey A. Taylor by FEH_
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_Rudolph Contreras by FEH_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_Fred E. Haynes_
FRED E. HAYNES, D.C. Bar #165654
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2007, I caused service of the foregoing motion to quash subpoena to be made on counsel for the parties in the Superior Court case by first-class mail, postage prepaid, addressed to:

William G. Gandy, Esq.
David A. Seltzer, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Colorado Building, Fifth Floor
1341 G. Street, N.W.
Washington, DC 20005-3105

Lawrence S. Lapidus, Esq.
Karp, Frosh, Lapidus, Wigodsky & Norwind P.A.
1133 Connecticut Avenue, N.W., Suite 250
Washington, D.C. 20036

Douglas R. Sparks, Esq.
Sparks & Silber LLP
3221 M Street, N.W.
Washington, D.C. 20007

FRED E. HAYNES
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBBECCA LEICHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> FLEETWOOD MANAGEMENT ) <br> GROUP, LLC. et al., ) <br> ) <br> Defendants. ) <br> ) | Misc. Civil Action No. 07mc00323 (JR) <br> Super. Ct. Case No.   2007-CA002384B <br> Subpoena matter |

ORDER

For the reasons set forth in the United States Attorney's motion to quash the subpoena issued by the defendants in the Superior Court case, and the entire record in this miscellaneous matter, it is

ORDERED that the subpoena is quashed.  This is a final, appealable order.

_____
UNITED STATES DISTRICT JUDGE

Copies to counsel for the United States Attorney
and for the parties in the Superior Court Action